IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 6:07-CV-4-LED |
| v. | § § | JURY DEMANDED |
| INTUITIVE SURGICAL, INC., | § § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff California Institute of Technology brings this action for patent infringement against Intuitive Surgical, Inc., and alleges as follows:

## I.     THE PARTIES

1.     Plaintiff California Institute of Technology ("Caltech") is a private university having a principal address of 1201 East California Boulevard, Pasadena, California 91125.

2.     Upon information and belief, Intuitive Surgical, Inc. ("Intuitive") is a California corporation having a principal place of business at 950 Kifer Road, Sunnyvale, California 94086.  Upon information and belief, Intuitive engages in business in this state, but does not maintain a regular place of business in the state or a designated agent for service of process in the state.  Service of process on Intuitive may be made according to Texas law by serving the Texas Secretary of State.

## II.     JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4.     Personal jurisdiction exists generally over Intuitive because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Intuitive because of its conduct in making, using, selling, offering to sell, and/or importing products manufactured by an infringing process within the State of Texas and within the Eastern District of Texas.

5.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d).

## III.     PATENT INFRINGEMENT

6.     Caltech is the owner of all rights, title, and interest in and under United States Patent No. 6,385,509 ("the '509 Patent"), which duly and legally issued on May 7, 2002.

7.     The '509 Patent describes and claims a tool actuation and force feedback on robot-assisted microsurgery system.  A true and correct copy of the '509 Patent is attached hereto as <u>Exhibit A</u>.

8.     On November 11, 2006, Caltech filed a Petition to Accept Late Payment of Maintenance Fee Payment (the "Petition") for the '509 Patent.  Once the Petition is granted, the '509 Patent will again be valid and enforceable.

9.     Caltech is the owner of all rights, title, and interest in and under United States Patent No. 6,233,504 ("the '504 Patent"), which duly and legally issued on May 15, 2001.

10. The '504 Patent describes and claims a tool actuation and force feedback on robot-assisted microsurgery system. A true and correct copy of the '504 Patent is attached hereto as Exhibit B.

11. The '504 Patent is valid and enforceable.

12. Caltech is the owner of all rights, title, and interest in and under United States Patent No. 5,784,542 ("the '542 Patent"), which duly and legally issued on July 21, 1998.

13. The '542 Patent describes and claims a decoupled six degree-of-freedom teleoperated robot system. A true and correct copy of the '542 Patent is attached hereto as Exhibit C.

14. The '542 Patent is valid and enforceable.

15. Caltech is the owner of all rights, title, and interest in and under United States Patent No. 5,710,870 ("the '870 Patent"), which duly and legally issued on January 20, 1998.

16. The '870 Patent describes and claims a decoupled six degree-of-freedom robot manipulator. A true and correct copy of the '870 Patent is attached hereto as Exhibit D.

17. The '870 Patent is valid and enforceable.

18. The '509 Patent, the '504 Patent, the '542 Patent, and the '870 Patent are referred to herein collectively as the "Caltech Patents."

19. Intuitive has been infringing the Caltech Patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech Patents, including but not limited to Intuitive's *da Vinci* and *da Vinci S* Surgical Systems.

20. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech Patents,

Intuitive has also induced infringement of the Caltech Patents under 35 U.S.C. § 271(b), and has contributed to the infringement of the Caltech Patents under 35 U.S.C. § 271(c). The infringing products have no substantial noninfringing uses.

21. As a direct and proximate result of Intuitive's acts of patent infringement, Caltech has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

22. Caltech has no adequate remedy at law against these acts of patent infringement. Unless Intuitive is permanently enjoined from its unlawful and willful infringement of the Caltech Patents, Caltech will suffer irreparable harm.

## IV. PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in its favor and against Defendant and that the Court grant the following relief to Plaintiff:

A. Declare that the '509 Patent is valid and enforceable;

B. Declare that Defendant has infringed the '509 Patent;

C. Declare that the '504 Patent is valid and enforceable;

D. Declare that Defendant has infringed the '504 Patent;

E. Declare that the '542 Patent is valid and enforceable;

F. Declare that Defendant has infringed the '542 Patent;

G. Declare that the '870 Patent is valid and enforceable;

H. Declare that Defendant has infringed the '870 Patent;

I. Declare that Defendant's infringement was willful;

J. Award damages to Plaintiff to which it is entitled for patent infringement;

K.  Enter a preliminary and thereafter a permanent injunction against Defendant's direct infringement of the Caltech Patents;

L.  Enter a preliminary and thereafter a permanent injunction against Defendant's active inducements of infringement and/or contributory infringements of the Caltech Patents by others;

M.  Award Plaintiff its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

N.  Award Plaintiff increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendant's willful infringement pursuant to 35 U.S.C. § 284;

O.  Award interest on Caltech's damages; and

P.  Such other relief as the Court deems just and proper.

## V. JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, the Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues.

Dated: January 4, 2007

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*_____
Jennifer Parker Ainsworth
State Bar No. 00784720
**Wilson, Sheehy, Knowles, Robertson & Cornelius, P.C.**
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509-9000 Telephone
(903) 509-5092 Facsimile

Michael W. Shore
*Lead Attorney*
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Jeffrey R. Bragalone
State Bar No. 02855775
Joseph F. DePumpo
State Bar No. 00787355
Gerald B. Hrycyszyn
State Bar No. 24043734
Martin Pascual
State Bar No. 24041657
Justin B. Kimble
State Bar No. 24036909
**Shore Chan Bragalone LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
CALIFORNIA INSTITUTE OF
TECHNOLOGY